## ZIMMERMAN v. AMERICAN CASUALTY CO. OF READING, PA.
### No. 1756.

Circuit Court, Dade County, Civil Appeal.

February 27, 1958.

---

Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellant.

Morehead, Forrest, Gotthardt, Greenfield & Greenberg, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The appellant casualty company was obligated by a liability insurance policy issued to the appellee "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of liability imposed upon him by law . . . for damages . . . for bodily injury . . . sustained by any person or persons"; and to defend "any suit against the insured alleging such injury . . . and seeking damages on account thereof, even if such suit [should be] groundless, false or fraudulent." The policy, however, embodied the provision that it "does not apply . . . to injury . . . caused intentionally by . . . the insured."

In an action instituted in this court the appellee, prior to the inception of this litigation, was sued for damages by a plaintiff who alleged in his complaint that the appellee had willfully and violently, without justification, committed an assault and battery upon the

plaintiff. The mentioned policy was in effect at the time of the alleged assault and battery.

The appellee demanded that the appellant insurer defend the action in his behalf. The company refused to do so, asserting that, as shown on the face of the complaint in the damage suit, the plaintiff claimed damages for injuries caused intentionally by the insured.

The appellee himself defended the action, and, in doing so, incurred costs and expenses totaling $786.25, for the recovery of which he sued the appellant company in the court below. The principal defense interposed was that the cause of action alleged and relied on by the plaintiff in the damage suit against the appellee was not within the coverage of the policy and that, therefore, the appellant was under no obligation to defend.

After the appellant's motion for the entry of a summary final judgment in its favor had been denied, the case was tried before the court below without a jury. The trial resulted in the entry of a final judgment in the appellee's favor. By the judgment he was awarded $786.25 damages, as well as costs. It is from such judgment that this appeal has been prosecuted.

The vital question posed is whether the allegations of the complaint in the damage suit against the appellee were determinative of the insurer's duty to defend, even though the actual facts were to the contrary.

The appellant contends that the allegations of the complaint were determinative and that, inasmuch as the complaint showed on its face that the plaintiff claimed damages for injuries caused intentionally by the appellee, the cause of action relied on was not within the coverage of the policy and no duty to defend was imposed on the insurer.

The appellee, on the other hand, contends that the allegations of the complaint were not determinative and that, inasmuch as the actual fact, which the insurer knew or ought to have known, was that the appellee, in the altercation which gave rise to the damage suit, had committed no intentional assault and battery, but had acted justifiably in self-defense, the insurer was required to defend the damage suit in the appellee's behalf.

The appellee's contention was sustained by the trial judge. Our judgment is that he was in error. While the question presented has never been answered by the Supreme Court or by any of the District Courts of Appeal in any reported case, and while there is conflicting authority provided by the decisions of courts in other

jurisdictions, our opinion is that the more logical view is that the allegations in the complaint in the damage suit were determinative of the insurer's duty to defend. It was irrelevant, we think, that the insurer had acquired, or by reasonable investigation could have acquired, from the insured, or otherwise, information or evidence which indicated, or even demonstrated, that such injuries as the plaintiff had sustained in the altercation out of which the damage suit arose had not been caused intentionally by the insured.

The cases which support the view we adopt, as well as the cases which support the appellee's contention, are cited and analyzed in an exhaustive annotation found in 50 A.L.R., 2d Series, 458 (see particularly pages 497-504).

The judgment appealed from (entered in minute book 103, at page 90, of the records of the court below) is reversed and the court below is directed to enter a final judgment in the appellant's favor.